IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

XIOMARA EDILMA LOZANO,                :
                                      :
       Plaintiff,                    :
                                      :
v.                                    :     Civ. No. 17-587-LPS
                                      :
RESOURCES FOR HUMAN                   :
DEVELOPMENT, et al.,                  :
                                      :
       Defendants.                   :

Xiomara Edilma Lozano, Townsend, Delaware; Pro Se Plaintiff.

## MEMORANDUM OPINION

August 15, 2017
Wilmington, Delaware


STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Xiomara E. Lozano ("Plaintiff") filed this action on May 22, 2017 under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Plaintiff, who was employed as a master clinician by Defendant Resources for Human Development ("RHD"), alleges that she was terminated by reason of age on December 2, 2016. While not clear, she may also be alleging discrimination by reason of race, given that she refers to her race and that of Defendant intern Patricia Hill ("Hill"). It appears that Plaintiff filed a charge of discrimination, although there is no indication that she received her notice of suit rights from the United States Equal Employment Opportunity Commission ("EEOC").[1] Other named defendants include unit manager and supervisor Michael Brothers ("Brothers") and co-worker Angela Robinson ("Robinson"). Plaintiff alleges that she was replaced by a younger clinician. She seeks compensatory damages and reinstatement to her position.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."

---

[1]Third Circuit jurisprudence holds that although the failure to pursue administrative remedies before filing a lawsuit may prevent a plaintiff from proceeding in federal court, the failure to exhaust is an affirmative defense and should not be the basis of a *sua sponte* dismissal. *See McIntyre v. City of Wilmington*, 360 F. App'x 355, 356 (3d Cir. Jan. 7, 2010).

1

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do

2

more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. DISCUSSION

As a matter of law, the ADEA does not provide for individual liability. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n. 29 (3d Cir. 2006). Only the "employer" may be held liable under the ADEA, 29 U.S.C. § 623, and Plaintiff's complaint does not alleges that Brothers, Robinson, or Hill are her employers. Similarly, to the extent that Plaintiff intended to raise Title VII race

3

discrimination claims under 42 U.S.C. § 2000e *et seq.*, there is no individual liability. *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996). Therefore, the Court will dismiss Brothers, Robinson, and Hill as defendants, as the claims against them fail as a matter of law.

## V. CONCLUSION

For the above reasons, the Court will dismiss Defendants Brothers, Robinson, and Hill, as the claims against them are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff will be allowed to proceed against RHD.

An appropriate Order follows.